

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALFONSO QUINONES, AKA Luis Quinones, AKA Luis Quinonez, AKA Luis A. Quinonez, AKA Luis Alfonso Quinonez, | No. 13-73886 |
| Petitioner, | Agency No. A070-552-171 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Luis Alfonso Quinones, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and de novo questions of law. *Husyev v. Mukasey*, 528 F.3d 1172, 1077 (9th Cir. 2008). We deny the petition for review.

The record supports the agency's finding that Quinones failed to demonstrate changed or extraordinary circumstances excusing his untimely-filed asylum application. 8 U.S.C. § 1158(a)(2)(B),(D). Thus, we deny the petition as to Quinones' asylum claim.

Substantial evidence supports the agency's finding that Quinones did not establish a nexus between any harm he fears in Guatemala and a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2008) (under the REAL ID Act, an applicant must prove a protected ground is at least "one central reason" for persecution); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Quinones' withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Quinones' CAT claim because he failed to establish it is more likely than not he would be tortured

13-73886

by or with the consent or acquiescence of the government if returned to Guatemala.
*See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**